IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| Halliburton Energy Services, Inc., <br> Halliburton US Technologies, Inc., <br> Halliburton Group Technologies, Inc., <br><br>           Plaintiffs, <br> v. <br><br> U.S. Well Services, LLC, <br> ProFrac Holding Corporation, <br><br>           Defendants. | Civil Action No. 6:22-cv-905-ADA-DTG <br><br> **Related Case to No. 6:21-cv-367-ADA-DTG** |

**ORDER ON THIRD-PARTIES' OBJECTIONS TO
ENTRY ON LAND AND MOTION FOR PROTECTION**

Before the Court are third-parties ConocoPhillips Company's, Devon Energy Production Company, L.P.'s, EAP Ohio, LLC's, and Marathon Oil Permian LLC's (collectively, "Third-Parties") Objections to Entry of Land and Motion for Protection (ECF Nos. 214, 218, 192, 203) to Plaintiffs Halliburton Energy Services, Inc.'s, Halliburton US Technologies, Inc.'s and Halliburton Group Technologies, Inc.'s (hereinafter collectively, "Halliburton") requested inspection and sampling on the Third-Parties' sites. On April 10, 2024, the Court heard oral argument concerning Third-Parties' objections to the Court's Order on Inspections (ECF No. 168). After hearing argument, and reviewing the briefing and law, the Court hereby orders the following:

At the hearing, Halliburton withdrew its request to inspect the King George site operated by Profrac because of evidence provided in the Objection to Entry on Land and Motion for Protection of Marathon Oil Permian LLC. The Court therefore **DENIED** Marathon's Objections **AS MOOT** with respect to Marathon's King George site in West Texas.

The Objections to Entry on Land and Motions for Protection of ConocoPhillips Company, Devon Energy Production Company, L.P., and EAP Ohio, LLC and the Objection to Entry on Land

and Motion for Protection of Marathon as to sites other than the King George site are **OVERRULED IN PART** and **SUSTAINED IN PART** as to the Objections to Entry on Land and **GRANTED IN PART** and **DENIED IN PART** as to the Motions for Protection.

Defendants ProFrac Holding Corporation and U.S. Well Services, LLC (collectively "ProFrac") shall permit Halliburton's inspections of the facilities under Profrac's possession, custody, or control as follows:

(a) within 48 hours of receiving notice of an inspection from Halliburton, Defendants must provide a written notice of inspection to the Third-Party whose site is the subject of the notice through that Third-Party's registered agent for service of process and through e-mail to a known contact point if any within that Third-Party's legal department and any known outside legal counsel for that Third-Party;

(b) the notice of inspection must provide the Third-Party the location and date of the proposed inspection and include the scope of the inspection, including the items listed in this order;

(c) ProFrac must assist in the collection of the fracturing fluid;

(b) ProFrac shall collect for Halliburton up to one gallon of fracturing fluid;

(d) the inspection and collection may not disrupt the Third-Party's normal operations;

(e) the collected fracturing fluid shall be tested by a third-party laboratory not affiliated with Halliburton;

(f) testing of the collected fracturing fluid shall be limited to testing that reflects the salinity of the fluid;

(g) the results of the test shall be designated Confidential – Outside Attorneys Eyes Only under the terms of the Protective Order entered in this lawsuit;

(h) for any site that involves a conventional fracturing fleet, Halliburton may not inspect, video, or photograph the data van;

(i)  Halliburton may photograph and video the area where the fluid is collected (including the piping and instrumentation of the actual collection site and the collection of the fracturing fluid), but may not otherwise take photographs or video of the site and may not use drones; and

(j) before the inspection, the Third-Parties and other Third-parties impacted by the inspection (for instance, third-party suppliers of the frac fluid and/or its components) may present the representatives of Halliburton with agreements or waivers related to confidentiality, liability, indemnity, and safety, and the Halliburton representatives will execute all such agreements or waivers that are reasonable and appropriate.

For the avoidance of doubt, the limits on photography and video and use of drones set out above shall not apply to sites that involve an electric fracturing fleet.

**IT IS FURTHER ORDERED** that this ORDER applies to the site inspection of facilities, equipment, and operations under ProFrac's possession, custody, and control at any Olympus Energy site shall.  If Third-Party Olympus Energy impedes ProFrac's compliance with this Order  Olympus Energy could be subject to contempt, and ProFrac is instructed to notify this Court of any such conduct immediately by filing a notice.  Counsel for Halliburton is **ORDERED** to transmit this order to counsel for Olympus Energy.

**IT IS SO ORDERED.**

Signed on this 17th day of April, 2024.

_____
Honorable Derek T. Gilliland
United States Magistrate Judge