IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HALLIBURTON ENERGY SERVICES, INC., HALLIBURTON US TECHNOLOGIES, INC., HALLIBURTON GROUP TECHNOLOGIES, INC., AND HALLIBURTON TECHNOLOGY PARTNERS, LLC<br><br>PLAINTIFFS,<br><br>v.<br><br>U.S. WELL SERVICES, LLC, PROFRAC SERVICES, LLC,<br><br>DEFENDANTS. | CASE NO. 6:22-CV-00905-ADA<br><br>**JURY TRIAL DEMANDED** |

**HALLIBURTON'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY [DKT. 254, DKT. 286]**

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ...................................................................................................................... 1

    A.  The on-sale bar does not apply where the product does not embody the claim elements ............................................................................................................ 1

    B.  ProFrac's response ignores the well-settled exception to the on-sale bar that applies to secret sales by third parties ..................................................................... 3

    C.  ████████████████████████████████████ ............................................................... 6

III. CONCLUSION ................................................................................................................... 8

I.  **INTRODUCTION**

ProFrac's opposition (Dkt. 286) misstates the law and the facts. The on-sale bar does not apply where the product does not embody the claim elements, as is the case here, as reflected by a complete absence of any data about the fatigue limit and tensile stresses of the alleged fluid ends. ProFrac's response ignores the well-settled exception to the on-sale bar that applies to secret sales by third parties. ██████████████████████████████████████████████████

██████████████████████████████████████████████████ And the lack of fatigue limit and tensile stress data for these fluid ends underscores the deficiencies. The Court should grant Halliburton's motion for partial summary judgment of no invalidity based on the GDEP/SLB fluid ends.

II. **ARGUMENT**

    A.  **The on-sale bar does not apply where the product does not embody the claim elements**

The Federal Circuit is clear that a product that does not embody all elements of the claim cannot present an on-sale bar. In *ResQNet*, the Federal Circuit noted that alleged prior art product "did not embody all of the elements of claim 1 of the [asserted patent]" and consequently "did not constitute prior art." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 at 867. Even ProFrac acknowledged this as the law when it stated: "… *ResQNet* held the on-sale bar did not apply because the product offered for sale did not embody all claim elements—not because the offer for sale was by a third party." Dkt. 286 at 4.

Here, the facts are undisputed. Not a single document shows whether the allegedly on-sale fluid ends had a fatigue limit at all or whether they had a fatigue limit of at least 75 ksi, as required by claim 1 of the '333 Patent. Similarly, not a single document shows if the allegedly on-sale fluid

ends had a fatigue limit greater than or equal to tensile stress at maximum working pressure, as required by claim 1 of the '333 Patent.





There is a complete absence of any facts showing that the allegedly on-sale fluid ends had any of the claimed fatigue limit and tensile stress properties. In the absence of this data, the Federal Circuit's guidance is clear—there is no on-sale prior art. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860 at 867 (holding that where that alleged prior art product "did not embody all of the elements of claim 1 of the [asserted patent]" the product "did not constitute [on-sale] prior art.").

### B.     ProFrac's response ignores the well-settled exception to the on-sale bar that applies to secret sales by third parties

The Federal Circuit's guidance is clear. Generally, the on-sale bar applies to sales made by third parties, as well as to sales made by the inventor. *In re Epstein*, 32 F.3d 1559, 1564 (Fed. Cir. 1994). But "[a]n exception to this general rule exists where a patented method is kept secret and remains secret after a sale of the unpatented product of the method. ***Such a sale prior to the critical date is a bar if engaged in by the patentee or patent applicant, <u>but not if engaged in by another</u>***." *In re Caveney*, 761 F.2d 671, 675 (Fed. Cir. 1985) (citing *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1550 (Fed. Cir. 1983)) (emphasis added). The Federal Circuit created the third-party-secret-method exception because the sale of a product, where the method is kept secret, prevents the public from learning of the invention. Specifically, the Federal Circuit stated:

> Early public disclosure is a linchpin of the patent system. As between a prior inventor who benefits from a process by selling its product but suppresses, conceals, or otherwise keeps the process from the public, and a later inventor who

promptly files a patent application from which the public will gain a disclosure of the process, **the law favors the latter**.

*W.L. Gore & Assocs., Inc.*, 721 F.2d at 1550 (emphasis added).

▮▮▮▮▮▮ ProFrac faults Halliburton for "relying on one sentence of dicta in *ResQNet*, plucked from a footnote in *Caveney*," (*see* Dkt. 286 at 3) but ProFrac forgets that the Federal Circuit unambiguously noted the law in *ResQNet* and in *Caveney*:

> An offer for sale, sale, or public use, if more than one year before the patent application was filed, will bar patenting of the product, even if the sale was not authorized by the patentee. *See In re Caveney*, 761 F.2d 671, 675 (Fed. Cir. 1985) ("[S]ales or offers by one person of a claimed invention will bar another party from obtaining a patent if the sale or offer to sell is made over a year before the latter's filing date. An exception to this general rule exists where a patented method is kept secret and remains secret after a sale of the unpatented product of the method. Such a sale prior to the critical date is a bar if engaged in by the patentee or patent applicant, but not if engaged in by another.") (citations omitted). As the court explained in *Caveney*, "**The 'on sale' provision of 35 U.S.C. § 102(b) is directed at precluding an inventor from commercializing his invention for over a year before he files his application. Sales or offers made by others and disclosing the claimed invention implicate the 'public use' provision of 35 U.S.C. § 102(b).**" *Id*. at 675 n. 5.

*ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 866 (Fed. Cir. 2010).

ProFrac relies on *FMC Technologies*, but even that case does not support ProFrac's argument. There, a court in the Southern District of Texas noted that "[t]he Federal Circuit explained that such <u>**secret sales prior to the critical date are not a bar if made by a non-inventor**</u>, but explained further that the sale is not a 'secret' sale for purposes of the exception **if the claimed invention was disclosed to the purchaser in the sales transaction**." *FMC Technologies Inc. v. OneSubsea*, 412 F.Supp.3d 706 at 712 (emphasis added).

-4-

Other courts across the country have also recognized that the on-sale bar provision of Section 102(b) only applies to an *inventor's* prior sale, not a *third party's*, because that promotes the public policy of preventing "an inventor from profiting the commercial use of an invention for a prolonged period before filing a patent application claiming that invention." *Medicines*, 827 F.3d at 1372. For example, in *Medtronic*, the Central District of California noted that the patent challenger "cannot establish invalidity under the on-sale bar because … Dr. Ing's use otherwise cannot implicate the on-sale bar as a matter of law…. Dr. Ing's use of rapid pacing cannot implicate the on-sale bar as a matter of law **because he was a third party and not the patentee**." *Medtronic Inc. v. Edwards Lifesciences Corp. et al.*, 2013 WL 12113417 (C.D. Cal., Sept. 17, 2013) (emphasis added). Because the sale was made by a third party, the *Medtronic* court granted summary judgment of no invalidity due to on-sale bar. *Id.*

Similarly, in *Schlumberger v. BICO*, another court in S.D. Texas rejected an on-sale bar where the sale was not made by the patentee. In doing so, the court noted that "[a]pplying the on-sale bar in this case would not further the *policy of preventing an **inventor*** from profiting from the commercial use of an invention for a prolonged period before filing a patent application claiming that invention. The court therefore turns to the public use provision." *Schlumberger Technology Corporation v. BICO Drilling Tools, Inc.*, 2019 WL 2450948 (S.D. Tex., June 12, 2019) (rejecting the invalidity argument under the on-sale bar provision of Section 102(b)) (internal citation omitted and emphasis added).[1]

---

[1] In its brief, ProFrac relies on *Atlanta Attachment*, but even this case holds that on sale bar applies to only sales made by the patentee (not a third party). In *Atlanta Attachment*, the Federal Circuit stated "[o]ur patent laws deny a patent to an ***inventor*** who applies for a patent more than one year

C. ███████████

███████████ But ProFrac mischaracterizes the record. ███████████



after making an attempt to profit from his invention by putting it on sale. An invention is so barred when it was both the subject of a commercial offer for sale before the critical date and ready for patenting at the time of the offer. ***The overriding concern of the on-sale bar is an <u>inventor's</u> attempt to commercialize his invention beyond the statutory term.*** " *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 516 F.3d 1361, 1365 (Fed. Cir. 2008) (internal citations omitted and emphasis added).



-7-

Finding no basis under the "on-sale" provision of Section 102(b), ProFrac pivots to "public use" and "knowledge" prong of Section 102(b).  But it forgets that confidential use by a third party do not create a public use bar.  The Federal Circuit recognized this longstanding principle in *BASF* when it held secret or confidential "exploitation by a third party does not create a public-use bar." *BASF Corp. v. SNF Holding Co.*, 955 F.3d 958 at 967-68 (Fed. Cir. 2020) (reversing a finding of invalidity based on "public use" and "on sale" provisions of Section 102(b) where the alleged prior use was confidential and the sale was not a commercial offer for sale).



### III.   CONCLUSION

For the foregoing reasons, the Court should grant Halliburton's motion for partial summary judgment of no invalidity due to on-sale bar.

| Dated: August 8, 2024 | Respectfully submitted, |
|---|---|
| | By: */s/ Roger Fulghum* <br> Roger Fulghum <br> Texas Bar No. 00790724 <br> Michael A. Hawes (*pro hac vice*) <br> Texas Bar No. 24010761 <br> Jennifer Carter <br> Texas State Bar No. 24105580 <br> Lindsay Volpenhein Cutié (*pro hac vice*) |

Texas Bar No. 24093305
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
roger.fulghum@bakerbotts.com
michael.hawes@bakerbotts.com
jennifer.carter@bakerbotts.com
lindsay.cutie@bakerbotts.com

Susan Cannon Kennedy (*pro hac vice*)
Texas Bar No. 24051663
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 661-4816
susan.kennedy@bakerbotts.com

David J. Tobin
Texas Bar No. 24060735
**MCDERMOTT WILL & EMERY LLP**
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 210-2793
dtobin@mwe.com

Syed K. Fareed
Texas Bar No. 24065216
Alex T. Piala
Texas Bar No. 24110223
**MCDERMOTT WILL & EMERY LLP**
300 Colorado Street, Suite 2200
Austin, Texas 78701-4078
Telephone: (512) 726-2579
sfareed@mwe.com
apiala@mwe.com

Jordan A. Kazlow (*pro hac vice*)
Texas Bar No. 24101994
**MCDERMOTT WILL & EMERY LLP**
845 Texas Avenue, Suite 4000
Houston, Texas 77002-1656
Telephone: (713) 653-1700
jkazlow@mwe.com

Mark D. Siegmund
Texas Bar No. 24117055
**CHERRY JOHNSON SIEGMUND JAMES, PLLC**
400 Austin Ave., 9th Floor
Waco, Texas 76701
Telephone: (254) 732-2242
Facsimile: (866) 627-3509
msiegmund@cjsjlaw.com

Deron R. Dacus
Texas Bar No. 00790553
**THE DACUS FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
903-705-1117 (phone)
903-581-2543 (fax)
ddacus@dacusfirm.com

Andrea L. Fair
Texas Bar No. 24078488
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
andrea@wsfirm.com

***ATTORNEYS FOR PLAINTIFFS
HALLIBURTON ENERGY SERVICES, INC.,
HALLIBURTON US TECHNOLOGIES, INC.,
HALLIBURTON GROUP TECHNOLOGIES, INC. ,
AND
HALLIBURTON TECHNOLOGY PARTNERS, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, the foregoing was filed electronically and served on all counsel of record.

                                                      */s/Roger Fulghum*
                                                     Roger Fulghum